IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE T. WHITE, | Civil Action No. 2: 15-cv-0400 |
| Petitioner, | |
| v. | United States Magistrate Judge Cynthia Reed Eddy |
| NANCY GIROUX and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | |
| Respondents. | |

# MEMORANDUM OPINION[1]

Petitioner, Lawrence T. White, is a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania, He seeks a writ of habeas corpus, *pro se*, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be denied.

## I. Procedural History

Petitioner, Lawrence White ("Petitioner" or "White"), challenges the judgment of sentenced entered on July 26, 2013, which was corrected by Corrected Order of Sentence on November 12, 2013, in the Court of Common Pleas of Allegheny County.

White was charged with violations of provisions of the criminal and vehicle codes. Prior to trial, an agreement was reached by the parties and approved by the trial court to sever Count 1, the Person Not to Possess/Use Firearm ("PNTP") offense and Counts 5 and 6, the summary motor vehicle code violations, from the remaining offenses (Counts 2, 3, and 4). A single trial was to occur, with the trial judge trying Counts 1, 5, and 6, and a jury deciding Counts 2, 3, an 4.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. *See* ECF Nos. 12and 16.

1

The trial occurred on November 18, 2009. The jury returned a verdict of guilty on all of the counts it considered. The trial court found White guilty of the motor vehicle code violations, but not guilty of Count 1, the PNTP, because the trial court initially found that the Commonwealth had failed to introduce into evidence any testimony or record of White's conviction for a crime that would have disqualified him from possessing a firearm.

After the verdict was issued, the Commonwealth informed the trial court that it had reached a stipulation with White's counsel that White had been convicted of Criminal Homicide, a conviction which would disqualify him from possession of a firearm. With this information, the trial court changed the verdict to guilty on Count 1. On February 11, 2010, White was sentenced to 54 to 108 months incarceration for the Count 1 conviction; no additional penalty was assessed for the remaining convictions.

White did not file a direct appeal; but he did file a timely PCRA Petition seeking to reinstate his direct appeal rights. That petition was granted and counsel appointed to represent White on direct appeal. On direct appeal, White asserted three claims of ineffective assistance of counsel and one claim of double jeopardy claiming that his rights were violated when the trial court changed its verdict on Count 1 from not guilty to guilty. The trial court in its 1925(a) opinion agreed that the change in verdict violated White's double jeopardy rights and acknowledged that the case should be remanded for resentencing as White was given no further penalty for his convictions on the other charges. The Superior Court agreed with the trial court and remanded the case for a new sentencing hearing.

On July 11, 2013, a resentencing hearing was held. On July 23, 2013, the trial court issued a "Revised Order of Sentence," which sentenced White as follows:

> 18 § 6105 §§ C1 – Person Not to Possess/Use Firearms – Fugitive (F2)
> To be confined for a minimum period of 2 Year(s) and a maximum period of 4 Year(s) at SCI Camp Hill
>
> * * *
>
> To be placed on Probation for a minimum period of 3 Year(s) and a maximum period of 3 Year(s) to be supervised by STATE.
> The following conditions are imposed:
> Other: RANDOM DRUG SCREENING
>
> * * *
>
> 18 § 6106 §§ A1 – Firearms Not To Be Carried W/O License (F3)
> A determination of guilty without further penalty.

July 26, 2013 Sentencing Order ("July Order"). A problem existed with the July Order, however, because White could not be sentenced on this charge as it had been dismissed on appeal on double jeopardy grounds.

Through counsel, White appealed. On November 12, 2013, while the appeal was pending, the trial court issued a "Corrected Order of Sentence," which provides:

> 18 § 6106 §§ A1 – Firearms Not To Be Carried W/O License (F3)
> To be confined for a minimum period of 24 Month(s) and a maximum period of 48 month(s) at SCI Camp Hill
>
> * * *
>
> To be placed on Probation for a minimum period of 3 Year(s) and a maximum period of 3 Year(s) to be supervised by STATE.
> The following conditions are imposed:
> Other: RANDOM DRUG SCREENING
>
> * * *
>
> 18 § 6106 §§ C1 – Person Not to Possess / Use Firearms – Fugitive (F2)
> Offense Disposition: Not Guilty
>
> * * *

November 12, 2013 Sentencing Order ("November Order").

3

Counsel then filed a petition to withdraw, along with an *Anders* brief, presenting two issues. The first issue raised a discretionary aspect of sentence claim, which the Superior Court found that White had failed to preserve for appeal. The second issue challenged the legality of the July Order and the trial court's authority to correct that order. After a lengthy discussion, the appellate court found that the July Order contained a clerical error and that as a result, the trial court had authority to issue the November Order to correct the clerical error. The Superior Court also acknowledged and rejected a double jeopardy challenge that White made in his *pro se* response to the *Anders* brief. The court explained that when White's original sentence was vacated, he was restored to the status of unsentenced. "Therefore, the July Order sentenced White anew and did not raise any double jeopardy concerns. Accordingly, the November Order, which merely corrected the clerical error in the July Order, did not raise any double jeopardy issues either." Superior Court Memorandum, May 28, 2014 (ECF No. 13-2). The Superior Court affirmed the judgment of sentence.

In the instant petition, White raises only one claim: "a violation of double jeopardy for Count 2 Carrying Firearm Without a License on resentence hearing." Pet. at ¶ 12. (ECF No. 1). According to the Petition:

> Superior Court vacated Count 1 Person Not to Possess Firearm, at my resentencing hearing Judge Cashman vacated Count 1 and opens up Count 2 and resentenced me to a new and greater sentence on that Count after he gave me a sentence of guilty with no further penalty prior to that new sentence. Superior Court never instructed him to resentence me on Count 2. Superior Court or lower court never cited any law where this new sentence is lawful.

*Id*. at ¶ 12(a).

## II. Standard of Review

A. <u>28 U.S.C. § 2254</u>

This case is governed by the federal habeas statute applicable to state prisoners. 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that White's convictions were obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

As codified at 28 U.S.C. § 2254(d), AEDPA provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.' " *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). Few state court decisions will be "contrary to" Supreme Court precedent. "Clearly established Federal law" should be determined as of the date of the relevant state-court decision. *Greene v. Palakovich,* 606 F.3d 85, 95 (3d Cir. 2010), *aff'd*, *Greene v. Fisher,* 565 U.S. 34 (2011).

The federal habeas court more often must determine whether the state court adjudication was an "unreasonable application" of Supreme Court precedent. "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.' " *Id*. (quoting *Williams*, 529 U.S. at 407).

B.   AEDPA's Threshold Requirements

Before the Court can address the merits of White's claim, it is necessary to examine whether the petition fulfills the applicable procedural requirements as set forth in AEDPA. The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under AEDPA's one-year limitations period. 28 U.S.C. § 2244(d).  Respondents do not dispute that White's petition was timely filed.  The Court agrees and find that White's claim is timely.

Next, the Court must address whether White exhausted the "remedies available [to him] in the courts of the State." 28 U.S.C. § 2254(c).  Respondents do not dispute that White's claim has been exhausted.  The Court agrees that White raised the claim in state court and as such, his habeas claim is exhausted and not procedurally defaulted.

**III.   Review of Petitioner's Claim**

As he did on direct appeal, White argues that the change in the verdict on Count 2, firearm not to be carried without a license, constitutes a Double Jeopardy violation.  Specifically, he contends that the trial court could not give him a new and increased sentence on this count,

6

because the trial court has previously sentenced him to guilty without further penalty on this charge.

After a review of the submissions of the parties, and the state court record, the Court concludes that White has failed to state a valid double jeopardy claim. The Court bases its conclusion primarily for the reasons stated by the Pennsylvania Superior Court in rejecting this claim on the merits on White's appeal.

The Superior Court explained that the record reflects that at the July 2013 resentencing hearing the trial court acknowledged that White could not be sentenced on the dismissed Count 1 charge, but rather was to be sentenced on Count 2, the CWL charge. However, the July Order was inconsistent with the events that took place during the judicial proceedings. The July Order failed to do what the trial court had repeatedly acknowledged it intended to so, i.e., sentence White on the CWL charge. Instead, the Order reflects a sentence that the trial court acknowledged that it could not do – that is, sentence White on Count 1, the PNTP charge.

The Superior Court held that the record reflects that the trial court unquestionably intended to resentence White on Count 2; thus, the July Order contained a clerical error and the November Order merely corrected this clerical error. In light of this finding, the Superior Court rejected White's double jeopardy argument and explained its finding as follows:

> Given our disposition of the previous issue, White's double jeopardy argument is frivolous. As this Court held in *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa. Super. 2009),
>
> It is [] clear from our case law that a vacated sentence is a nullity and the defendant is restored to the status of unsentenced; thus for purposes of double jeopardy analysis the vacated sentence does not limit the sentencing court.
>
> *Id*. at 1006.

> When this Court vacated White's original sentence, White was restored to the status of unsentenced. Therefore, the July Order sentenced White anew and did not raise any double jeopardy concerns. Accordingly, the November Order, which merely corrected the clerical error in the July Order, did not raise any double jeopardy issues either.

Superior Court Memorandum at 14, May 28, 2014 (ECF No. 13-2).

This Court finds that the Superior Court's determination was neither contrary to or involved an unreasonable application of clearly established Federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, White's petition will be dismissed as he has failed to state a valid claim of the denial of a constitutional right.

## IV. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying those standards here, the Court concludes that jurists

8

of reason would not find it debatable whether each of White's claims should be dismissed. Accordingly, a certificate of appealability should be denied.

IV. **Conclusion**

For all of the above reasons, the petition for a writ of habeas corpus will be denied. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. An appropriate Order follows.

Dated: March 30, 2017

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: LAWRENCE T. WHITE
CY-0479
SCI Albion
10745, Route 18
Albion, PA 16475
(U.S. First Class Mail)

LAWRENCE T. WHITE
MV-3538[2]
SCI Albion
10745, Route 18
Albion, PA 16475
(U.S. First Class Mail)

Rusheen R. Pettit
Office of the District Attorney of Allegheny County
(via ECF electronic notification)

---

[2] Petitioner's address of record lists his inmate number as CY-0479. However, the Department of Corrections Inmate Locator reflects that Petitioner's inmate number has been changed to MV-3538. Therefore, in an abundance of caution, the Court is sending copies of this Memorandum Opinion to Petitioner in separate envelopes, one addressed utilizing Inmate No. CY-0479 and one utilizing Inmate No. MV-3538.